IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDY SMITHSON, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) Cause No.: 09-103-GPM ) |
| ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a CN/IC, a corporation, | ) ) ) ) |
| Serve:  c/o Registered Agent<br>C.T. Corporation<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 | ) ) ) ) ) JURY TRIAL DEMANDED |
|     Defendant. | ) ) |

**COMPLAINT**
Federal Employers' Liability Act

**INTRODUCTION**

COMES NOW the Plaintiff, RANDY SMITHSON, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a CN/IC (hereinafter referred to as "CN/IC"), states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51-60, and additionally, 49 U.S.C.A. Sections 20101 et. seq., commonly known as the Locomotive Inspection Act, all as more fully shown herein.

2. That at all times mentioned herein, the Defendant, CN/IC was and is an Illinois corporation, and as such, was a citizen and resident of the State of Illinois, and was controlled, operated, and maintained, in interstate commerce, engaged in transporting interstate commerce between various states including the States of Illinois and Kentucky.

3. That at all times relevant herein, the plaintiff, RANDY SMITHSON, was an engineer and employee of the defendant, CN/IC, a corporation, and had been for many years prior to the filing herein.

4. That at all times mentioned herein, all or part of the duties of the plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That at all times relevant herein, plaintiff was employed by the defendant as a locomotive engineer, and as such, performed his duties in East St. Louis, Illinois, Centralia, Illinois, and throughout Southern Illinois.

6. That during the course of Plaintiff's employment as herein stated, he was assigned and instructed to use Defendant's locomotives, locomotive seats, and stools

7. That Defendant operated inspection and repair facilities in East St. Louis, Illinois, Centralia, Illinois, and Carbondale, Illinois at which locations its employees inspected, repaired, and maintained locomotive chairs, locomotive stools, and locomotive equipment put to use by the Defendant.

8. That at all times relevant herein, the Defendant failed to maintain a retention policy for broken and defective products, locomotive stools, locomotive seats, or locomotive equipment involved in injuries to their employees.

9. That at all times relevant herein, the Defendant systematically destroyed all locomotive seats, and stools involved in injuries to their employees.

10. That during Plaintiff's employment with the Defendant, and while working on Defendant's transportation system in the States of Illinois and Kentucky, Plaintiff was routinely exposed to repetitive movements, vibrating engine seats, vibrating engine locomotives, vibration, defective stools, defective seats, and slack action on a repetitive and continuing basis that resulted in his exposure to repetitive and cumulative trauma to various parts of his body, including but not limited to his low back and spine, lower extremity joints, hands, wrists, and upper extremities.

11. That at all times mentioned herein, the Defendant, CN/IC, knew or should have known that vibration, and slack action exposed its workers to spinal injuries, while seated on its locomotive seats and locomotive stools.

## COUNT I

### Federal Employers' Liability Act
### (Locomotive Inspection Act)

COMES NOW the Plaintiff, RANDY SMITHSON, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for this count of his Complaint against the Defendant, CN/IC, states as follows:

12. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Locomotive Inspection Act 49 U.S.C.A. Sections 20701 et. seq., as more fully shown.

13. That the Defendant, CN/IC, by and through its agents, servants, and employees, violated the Locomotive Inspection Act, in that it failed to provide Plaintiff with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or about, by committing one or more of the following acts or omissions:

    (a)    Failed to securely mount and brace its cab seats;

    (c)    Violated 49 C.F.R. Sections 229.119 in that Defendant failed to securely mount and brace its cab seats;

    (c)    Violated 49 C.F.R. Sections 229.45 in that Defendant failed to provide locomotive components free of conditions that endanger the safety of the crew in that Defendant's cab seat and components contained cracks, brakes, excessive wear, and other structural infirmities;

    (d)    Failed to provide a locomotive seat designed for the purpose of reducing shock and physical forces to the Plaintiff;

14. That Plaintiff's cause of action was originally filed within the statutory requirements, as provided by law;

15. That as a direct and proximate result in whole or in part, of one or more of the above-mentioned and foregoing acts or omissions on the part of the Defendant, by and through its agents, servants and employees, the Plaintiff was exposed to repeated and cumulative trauma to the back, spine, and body, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints and discs of the spine; injuries to his knees, hands, wrists, hips, upper and lower extremities; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injury; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost, and will continue to lose large sums of money from his

usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to spend large sums of money for necessary medical care, treatment, and services.

WHEREFORE, the Plaintiff, RANDY SMITHSON, prays judgment against the Defendant, CN/IC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT II

### Federal Employers' Liability Act
### (Negligence)

COMES NOW the Plaintiff, RANDY SMITHSON, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for this count of his Complaint against the Defendant, CN/IC, states as follows:

16. That the Defendant, CN/IC, by and through its agents, servants, and employees, committed one or more of the following negligence acts or omissions to wit:

   (a) Failed to securely mount and brace its cab seats;

   (c) Violated 49 C.F.R. Sections 229.119 in that Defendant failed to securely mount and brace its cab seats;

   (c) Violated 49 C.F.R. Sections 229.45 in that Defendant failed to provide locomotive components free of conditions that endanger the safety of the crew in that Defendant's cab seat and components contained cracks, brakes, excessive wear, and other structural infirmities;

  (d) Failed to provide a locomotive seat designed for the purpose of reducing shock and physical forces to the Plaintiff;

  (e) Exposed Plaintiff to vibration and slack action when Defendant knew or should have known that to do so exposed Plaintiff to spinal injuries;

  (f) Failed to control the movement of his cars to avoid slack action;

  (g) Failed to replace, repair, and maintain its locomotive seats, and locomotive stools;

  (h) Failed to maintain and repair the braking system of its trains to avoid slack action;

  (i) Allowed unsafe acts to become the common practice.

17. That Plaintiff's cause of action was originally filed within the statuatory requirements, as provided by law;

18. That as a direct and proximate result in whole or in part, of one or more of the above-foregoing negligent acts or omissions on the part of the Defendant, by and through its agents, servants, and employees, the Plaintiff was exposed to repeated and cumulative trauma to the back, spine, and body, causing Plaintiff to sustain severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints and discs of the spine; injuries to his knees, hands, wrists, hips, upper and lower extremities; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injury; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost, and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from

his injuries and will be obligated in the future to spend large sums of money for necessary medical care, treatment, and services.

WHEREFORE, the Plaintiff, RANDY SMITHSON, prays judgment against the Defendant CN/IC in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

### COUNT III

### Spoliation of Evidence

COMES NOW the Plaintiff, RANDY SMITHSON, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for his Complaint against the Defendant, CN/IC states as follows:

19. That the Defendant, CN/IC, by and through its agents, servants, and employees, failed to preserve evidence in one or more of the following ways:

   (a) Removed and destroyed its locomotive seats and locomotive stools;

   (b) Destroyed daily inspection logs pertaining to inspections of its locomotive seats and locomotive stools;

   (c) Failed to implement a retention policy to allow its workers the ability to identify manufacturers of locomotive seats and stools;

   (d) Attempted to conceal Defendant's failure to maintain and repair its locomotive seats and stools by destroying said products.

20.     That the destroyed locomotive seats and stools constituted evidence material to actual and potential civil actions.

21.     That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendant, CN/IC, the Plaintiff was denied the ability to inspect and/or test Defendant's locomotive seats or locomotive stools which were removed from Defendant's locomotives; was denied the ability to evaluate Defendant's daily inspection logs; and was further denied the ability to ascertain the manufacturer and origin of Defendant's locomotive seats and stools and their defects.

22.     That Plaintiff has filed this case within the applicable Statute of Limitations.

23.     That as a further direct and proximate result of the Defendant, CN/IC's destruction of the above-referenced evidence, the Plaintiff has been caused to suffer an inability to assert claims against the manufacturer of any product to which Plaintiff was exposed.

WHEREFORE the Plaintiff, RANDY SMITHSON, prays judgment against the Defendant, CN/IC, in an amount of money in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted by,

**KUJAWSKI & ASSOCIATES, P.C.**

By _/s/ Robert P. Marcus_
JOHN P. KUJAWSKI, #3128922
ROBERT P. MARCUS, #6277965
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone: (618) 622-3600
Facsimile: (618) 622-3700
**Attorneys for the Plaintiff.**